Pam

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCATION, as Trustee under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-HE1, | ) ) ) ) ) ) ) |
| | Case No. 11 C 6332 |
| | ) |
| | Judge John W. Darrah |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| STANFORD D. SILVER; KITCHEN DISTRIBUTORS OF AMERICA, INC.; NORTHWEST MILLWORK COMPAY; SURBURBAN CONCRETE, INC.; and DENISE SILVER, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a foreclosure action brought by Plaintiff U.S. Bank National Association

("U.S. Bank") against Defendants Stanford Silver and Denise Silver ("Defendants"), the

mortgagors of certain residential real property. Before the Court is Defendants' Motion

to Dismiss Plaintiff U.S. Bank's Complaint to Foreclose Mortgage.

### BACKGROUND

The following facts are drawn from U.S. Bank's Complaint and are accepted as

true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592

F.3d 759, 763 (7th Cir. 2010). U.S. Bank has attached a copy of the Mortgage, Note, and

Assignment of Mortgage to its Complaint. "Documents attached to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir.1998).

Defendants are citizens of Illinois. (Compl. ¶ 4.) U.S. Bank is a national association chartered under the laws of Ohio and has its principal place of business in Ohio. (*Id.* ¶ 3.) The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. (*Id.* ¶ 2.) On March 28, 2005, Finance America, LLC ("Finance America") lent Defendants $476,250.00 subject to a Note executed in favor of Finance America. (*Id.* ¶ 10.) Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee for Finance America, executed a Mortgage to secure the Note on Defendants' home at 1206 Westchester Ct., Buffalo Grove, IL, 60089. (*Id.*) The Mortgage has been in default due to the failure of Defendants to pay the monthly installments of principal, interest, and taxes, from August 1, 2010, through the present. (*Id.*) There remains a principal balance of $473,379.61, with interest accruing on the unpaid principal balance at $92.14 per day plus attorneys' fees, foreclosure costs, late charges, advances, and expenses. (*Id.*) The name of the current mortgagee is U.S. Bank. (*Id.*) On, June 8, 2011, MERS assigned the Mortgage to U.S. Bank. (Compl., Ex. C.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide

2

the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged.

*Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Defendants argue that MERS did not have authority to assign the Mortgage to U.S. Bank and, therefore, that U.S. Bank cannot maintain this action based on the Mortgage, because it holds no interest in the Mortgage. (Mot. at 1-2.)

This is a matter of contract interpretation. *See U.S. Bank, N.A. v. Melte Willis*, No. 10 C 5454, 2011 WL 3704428, *1 (N.D. Ill. Aug. 22, 2011). The Mortgage states that it "shall be governed by federal law and the law of the jurisdiction in which the Property is located," which, here, is Illinois. (Compl. Ex. A. at 11.) The parties do not

dispute that Illinois law governs. *Auto-Owners Ins. Co. v. Webslov Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies.").

Illinois contract law requires that courts "give effect to the parties' intent, which is to be discerned from the contract language." *Virginia Surety Co., Inc. v. Northern Ins. Co. of New York,* 866 N.E.2d 149, 153 (Ill. 2007) (citing *Central Illinois Light Co. v. Home Insurance Co.*, 821 N.E.2d 206, 213 (Ill. 2004) (*Central Illinois Light Co.*), When a contract is clear and unambiguous, courts will give the terms their ordinary and popular meaning. *See Central Illinois Light Co.*, 821 N.E.2d at 213.

The Mortgage states, "MERS is the mortgagee under this Security Instrument." (Compl., Ex. A. at 1.) The Mortgage further states:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. **For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property** [described as Defendant's property].

*Id* (emphasis added). The Mortgage further states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted to Borrower in this Security Instrument, but, if necessary to comply with law or custom, **MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including,** but not limited to, releasing and canceling this Security Instrument.

*Id.* (emphasis added).

Defendants argue that this language does not specifically grant MERS the right to assign the Mortgage. (Reply at 4.) Defendants argue that although the Mortgage grants MERS the authority to "take any action required of Lender," here, the assignment of the Mortgage was not an action required by a Lender. In support, Defendants rely on *In re Agard*, 444 B.R. 231, 246-247 (E.D.N.Y. 2011), a case that was not decided under Illinois law. Furthermore, and more importantly, the portion of the opinion from the Bankruptcy Court, upon which Defendants rely, was vacated on appeal by the district court. *Agard v. Select Portfolio Servicing, Inc.*, No. 11-cv-1826, 2012 WL 1043690, at *4 (E.D.N.Y. Mar. 28, 2012) ("And Judge Grossman's conclusion – that MERS did not have authority to assign the Mortgage – had no effect on the parties or the bankruptcy. Accordingly, this portion of the Stay Order constitutes an unconstitutional advisory opinion and must be vacated.").

Illinois defines "mortgagee" to include "any person designated or authorized to act on behalf of such holder." 735 ILCS 5/15-1208; *accord Mortgage Elec. Registration Sys. v. Barnes*, 940 N.E.2d 118, 124 (Ill. App. Ct. 2010) (holding that MERS could foreclose on a mortgage, even if it was not the beneficial interest holder of the debt, in part because of the broad statutory definition of "mortgagee" under Illinois law). As the language of the Mortgage demonstrates, MERS is named as the mortgagee and also has the authority to act on behalf of the holder of the Note. Therefore, MERS is a mortgagee under Illinois law. Illinois law generally provides that a mortgagee may "assign its rights in a mortgage, and the assignee then step[s] into the shoes of the assignor with respect to

5

the rights and duties of the assignor." *Ocwen Loan Servicing LLC v. Kroening*, No. 10 C
4692, 2011 WL 5130357, at *4 (Oct. 28, 2011) (internal citation omitted). Accordingly,
here, MERS has the power to assign the Mortgage to U.S. Bank. *See id.* (holding that
MERS as "nominee" for lender had the power to assign the mortgage).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [25] is denied.

Date: _10 ·3 - 12_

JOHN W. DARRAH
United States District Court Judge