UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as trustee under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-HE1, <br><br> Plaintiff, <br><br> v. <br><br> STANFORD D. SILVER; DENISE J. SILVER; KITCHEN DISTRIBUTORS OF AMERICA, INC.; NORTHWEST MILLWORK COMPANY; and SUBURBAN CONCRETE, INC., <br><br> Defendants. | Case No. 11-cv-6332 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, U.S. Bank National Association, moves for default judgment pursuant to Federal Rule of Civil Procedure 55. Plaintiff seeks a default judgment against Defendants Stanford Silver; Denise Silver; Kitchen Distributors of America, Inc.; Northwest Millwork Company; and Suburban Concrete, Inc. (collectively "Defendants") for failure to answer the Complaint. Defendants are the mortgagors of residential real property that Plaintiff seeks to foreclose for failure to make payments on the mortgage since August 1, 2010. For the reasons presented below, Plaintiff's Rule 55 Motion for Default Judgment is granted.

### BACKGROUND

On September 12, 2011, Plaintiff filed a Complaint seeking to foreclose on a mortgage against Defendants Stanford Silver and Denise Silver (the "Silvers") for failure to make monthly installment payments from August 1, 2010 through the present day. Plaintiff joined Kitchen Distributors of America, Inc.; Northwest Millwork Company; and Suburban Concrete,

Inc., as Defendants in order to terminate liens or judgments held by those Defendants against the Silvers' mortgaged real estate. Defendants were properly served with the Complaint on November 12, 2011 by a private agency retained by Plaintiff. After Defendants did not plead or otherwise answer the Complaint, Plaintiff filed a motion for default judgment on December 8, 2011, which was later withdrawn without prejudice with leave to reinstate. Counsel for the Silvers appeared on February 9, 2012, and filed a motion for an extension of time to file an answer or otherwise plead because counsel had been recently retained and needed additional time to investigate the facts of the case. On February 16, 2012, the Court extended the Defendants' time to file their answer to March 16, 2012. Defendants failed to answer the Complaint by the extended date, and Plaintiff again filed a motion for default judgment on March 23, 2012. The Silvers responded to the motion for default judgment on March 26, 2012 by filing a motion for leave to file a responsive pleading, arguing their attorney's family issues prevented him from filing in a timely manner. On March 29, 2012, the Court granted the Silvers' motion for leave to file a responsive pleading, and Plaintiff again withdrew the motion for default judgment without prejudice and with leave to reinstate the motion.

On April 2, 2012, the Silvers filed a motion to dismiss, which the Court denied in a Memorandum Opinion and Order on October 3, 2012. In the several months that followed, the parties engaged in discovery that the court ordered closed on March 29, 2013. None of the Defendants filed an answer or other responsive pleading during this time period. On July 3, 2013, approximately nine months after the Court denied the Silvers' motion to dismiss, Plaintiff filed a Rule 55 Motion for Default Judgment based on the Defendants' failure to plead, answer or otherwise defend the allegations made against them in the Complaint. The Silvers filed a response, and Plaintiff filed a reply.

# LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed. R. Civ. P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Default judgment establishes a defendant is liable, as a matter of law, for the causes of action alleged in the complaint by the plaintiff. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).

When a defendant is found in default, all factual allegations in the complaint are deemed admitted and not subject to challenge. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations in the complaint relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed. R. Civ. P. 8(b)(6). The court may conduct hearings when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed. R. Civ. P. 55(b)(2)(A)-(D). A default judgment regarding damages may be entered without a hearing when "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323. "Unless the award is clearly excessive," damages awarded as a result of default judgment will not be challenged. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (citing *Douglas v. Metro Rental Services, Inc.*, 827 F.2d 252, 256 (7th Cir. 1987)).

# ANALYSIS

## *Entry of Default and Default Judgment*

In response to Plaintiff's motion for default judgment, the Silvers offer no good cause for their failure to file an answer to the Complaint after the Silvers' motion to dismiss was denied. *See* Fed. R. Civ. P. 12(a)(4)(A) (requiring a responsive pleading 14 days after the court denies a motion). The Silvers do not contest the default and instead challenge the damages claimed by the Plaintiff. Even though Plaintiff filed the motion for default judgment nine months after the Court's ruling on the motion to dismiss, the delay in filing the motion has no bearing on Defendants' default for their failure to file an answer to the Complaint. During the several months following the court's denial of the Silvers' motion to dismiss for failure to state a claim, Defendants did not file their answer, nor did they seek leave to file a motion for an extension of time to file their answer. *See* Fed. R. Civ. P 6(b)(1)(B) (allowing the court to extend the time to perform an act after expiration of the time allowed to perform that act only when the party failed to act as a result of excusable neglect). Because Defendants did not present any good cause or excusable neglect for their failure to file an answer to the Compliant, the entry of default and default judgment is appropriate. *See Narayan*, 908 F.2d at 252 (7th Cir. 1990) (finding the "court acted within its discretion in entering the default judgment" against the defendant who had not filed an answer, "presented no reason for the court to refrain from entering judgment against them, and had offered no explanation or justifiable excuse for their conduct").

Taking the factual allegations in the Complaint as true, Plaintiff has demonstrated that, on March 28, 2005, the Silvers secured a mortgage in the amount of $476,250 from Finance America, LLC, for the address commonly known as 1206 Westchester Court, Buffalo Grove, Illinois 60089. (Comp. ¶ 10(a)-(d); (h)-(j).) The Complaint also demonstrates the outstanding

4

principal balance on the mortgage is $473,379.61, which is owned by U.S. Bank National Association and serviced by Ocwen Loan Servicing, LLC ("Ocwen"). (*Id*. ¶ 10(d); (j).) Finally, the Complaint proves the mortgage is in default due to the Silvers' failure to pay the monthly installments of principal, interest, and taxes, beginning August 1, 2010. (*Id*. ¶ 10(j).)

*Damages*

In their Response, the Silvers argue default judgment is not appropriate because Plaintiff did not sufficiently support the damages claims. Specifically, they contend Plaintiff did not provide information regarding the entire life of the loan, dating back to March 28, 2005, but rather only provided information from July 2010 through November 2011. They also challenge the veracity of the Affidavit of Debt because Ocwen did not begin servicing the loan until August 31, 2010. However, the records submitted by Plaintiff reflect account activity beginning July 12, 2010. Although Ocwen did not begin servicing the loan until August 31, 2010, the affiant of the Affidavit of Debt states the loan records "were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by Ocwen. . . ." (Pl.'s Rule 55 Mot. for Default, Ex. 3 ¶ 3.) The affiant also states that, based on the review of the servicing records for the Silvers' account, the Silvers' indebtedness, as of November 3, 2011, is $546,364.98 in addition to attorney's fees and costs. (*Id*. at ¶¶ 5-6.) Under penalty of perjury, the affiant signed and notarized the affidavit declaring the facts contained therein are true. (*Id*. at 3.) Because there is no indication the facts and statements in the affidavit lack reliability or trustworthiness, the affidavit and its supporting documentation are sufficiently detailed and definite to prove the Silvers' indebtedness and the damages incurred as a result of the Silvers' default. *See Fargo Bank, N.A. v. Morgan*, No. 12 C 4797, 2013 WL 3670243, at *2-

3 (N.D. Ill. July 12, 2013) (finding an affidavit regarding loan servicing records satisfied the requirements of the business records exception to the rule against hearsay and was sufficient to prove the defendant's mortgage liability on summary judgment).

Here, the Silvers do not specifically refute the default on their mortgage, their indebtedness, or the damages claimed by the Plaintiff. The Silvers' conclusory argument that the evidence does not properly support the award of any damages is insufficient to challenge the claimed indebtedness and damages. Accordingly, the Silvers are liable for the principal balance, escrow, late fees, unpaid interest, other collection expenses, and attorney fees and costs associated with this litigation that are ascertainable from the evidence presented by the Plaintiff.

## CONCLUSION

Plaintiff's Rule 55 Motion for Default Judgment [37] is granted, Defendants are deemed in default, and an Order of Default Judgment of Foreclosure and Sale is entered against the Defendants. Finally, the Plaintiff's Motion to Appoint a Special Commissioner [38] is granted. The Judicial Sales Corporation is hereby appointed as special commissioner for the purpose of conducting a public foreclosure sale of the property in accordance with the terms of the Judgment of Foreclosure.

Date:  December 4, 2013  

JOHN W. DARRAH  
United States District Court Judge